UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


Gerard Marzolf,

                Plaintiff,      Case No. 12-cv-15147
                                        Hon. Judith E. Levy
v.                                            Mag. Judge Mona K. Majzoub

George P. Johnson Company,

                Defendant.

_____/

**OPINION AND ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT [10]**

This is a defamation suit. Pending is defendant's motion for summary judgment.

I.    Background

Plaintiff was an employee of defendant. On April 3, 2012, a female employee filed a sexual harassment claim against plaintiff. As a result of that investigation, on April 19, 2012, defendant issued a written reprimand to plaintiff, stating that plaintiff conducted himself inappropriately, exhibited "extremely poor judgment" in his relationship with the female employee, was "insubordinate," and

"displayed blatant disregard for a long standing policy regarding the employment of relatives in a direct reporting capacity[.]" (Dkt. 14-3, at 2.)[1]

Plaintiff was demoted, stripped of managerial responsibilities, and given extensive instructions regarding mandatory corrective action he was to take. (Id. at 2-3.)

Plaintiff filed suit on November 20, 2012, alleging defamation and "breach of the duty to keep an investigation confidential." (Dkt. 1, at 2-3.)

II. Legal Standard

Summary judgment is proper where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court may not grant summary judgment if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248. The Court "views the evidence,

---

[1] This text is from an exhibit attached to plaintiff's response to defendant's motion. (Dkt. 14.) The motion was filed on October 31, 2013, and plaintiff's response was filed on January 24, 2014, after an order to show cause issued. The Court cites this untimely response only because it provides dispositive evidence.

2

all facts, and any inferences that may be drawn from the facts in the light most favorable to the nonmoving party." *Pure Tech Sys., Inc. v. Mt. Hawley Ins. Co.*, 95 F. App'x 132, 135 (6th Cir. 2004) (citing *Skousen v. Brighton High Sch.,* 305 F.3d 520, 526 (6th Cir.2002)).

III. Analysis

A. Defamation

Plaintiff alleges that the general manager employed by defendant told "individuals" that plaintiff 1) "was not a good manager;" 2) was "doing things behind peoples back [*sic*]"; 3) "let things go;" and that 4) "a women [*sic*] has a serious sexual harassment allegation against the plaintiff." (Dkt. 1, at 2.) This, plaintiff argues, constitutes defamation.

The elements of a cause of action for defamation under Michigan law are: "1) a false and defamatory statement concerning the plaintiff, 2) an unprivileged publication to a third party, 3) fault amounting at least to negligence on the part of the publisher, and 4) either actionability of the statement irrespective of special harm (defamation per se) or the existence of special harm caused by the publication (defamation per quod)." *Burden v. Elias Bros. Big Boy Rests.*, 240 Mich. App. 723, 726 (2000). To properly state a claim for defamation, the

3

plaintiff must "plead precisely the statements about which [he] complain[s]." *Royal Palace Homes, Inc. v. Channel 7 of Detroit, Inc.*, 197 Mich. App. 48, 57 (1992).

Plaintiff does not allege that the general manager defendant employed made *any* specific statement to any other person, only that the general manager made statements of the type described in plaintiff's complaint to "individuals." Plaintiff's only supporting documentation is the "affidavit" of Phil Williams, a fellow employee of defendant. (Dkt. 14-5.)

Although the document has none of the hallmarks an affidavit requires, such as sworn notarization, it could still ostensibly be admissible as an unsworn declaration under 28 U.S.C. § 1746, provided the author declares under penalty of perjury that the statement is true. However, the document also lacks that language. The document contains numerous handwritten notes and edits that appear to have been added after the document was typed. Finally, the document references only a single alleged statement that its author has any actual knowledge of: the general manager's statement to Williams that the female employee made a "severe sexual harassment charge" against

4

plaintiff. (Dkt. 14-5, at 3.) This single document, which lacks any indicia of reliability, is insufficient to sustain plaintiff's otherwise entirely deficient defamation claim.[2]

Plaintiff has failed to plead any of the facts necessary to sustain his defamation claim. Accordingly, the Court dismisses the claim.

### B. Breach of Duty to Maintain the Confidentiality of an Investigation

Plaintiff's allegation that defendant breached a duty to keep the investigation confidential is unsupported in his complaint by any reference to any contract, law, or other obligation that the employer had to keep the investigation confidential. In plaintiff's response brief, plaintiff says that the duty arose from section 202C of the employee handbook, which plaintiff purports to quote from, but did not provide to the Court. As such, the Court has no basis to conduct an analysis of whether the employee handbook created a contractual or other obligation not to reveal complaints.

---

[2] If the Court were inclined to entertain the document as admissible evidence, the Court would then dismiss the claim on the grounds that that statement regarding the harassment allegation is, at the least, substantially true. "[S]ubstantial truth is an absolute defense to a defamation claim." *Collins v. Detroit Free Press, Inc.*, 245 Mich. App. 27, 33 (2001).

The complaint states only that the general manager "made the comment to everyone to 'tell all your people that the women [*sic*] has serious sexual harassment allegations.'" Plaintiff does not specify who "everyone" consists of, when this command went out, or any person who actually heard the command. Having provided no evidence that such a duty even arguably existed, let alone any facts supporting a claim for breach of this purported duty, the Court dismisses the claim.

IV. Conclusion

For the above stated reasons, plaintiff has failed to raise any genuine issue of material fact with regard to either of his stated claims. Accordingly,

The defendant's motion for summary judgment (Dkt. 10) is GRANTED; and

Plaintiff's complaint is DISMISSED.

IT IS SO ORDERED.

Dated: August 29, 2014  s/Judith E. Levy
Ann Arbor, Michigan  JUDITH E. LEVY
  United States District Judge

6

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 29, 2014.

                                          s/Felicia M. Moses
                                          FELICIA M. MOSES
                                          Case Manager